Sparks v. Sparks.

JOHN N. SPARKS *v.* FANNY P. SPARKS.

(*Jackson.*   April Term, 1905.)

**DIVORCE.**  Residence required for maintaining a bill for divorce is lost by residence at Washington City, with intention of returning only upon loss of governmental position of indefinite tenure.

Where a petitioner for divorce was born in Tennessee and resided here until he was appointed to a position in a governmental department at Washington, D. C., when he carried his family to that city, where he kept house for twenty-two years, only returning to this State on three occasions during all that time, when he voted here. for which purpose a paid his poll tax, with the intention of returning in the event that he should lose his position (which was under the civil service law, but the tenure of it was such that he might be discharged at any time), without any fixed purpose of returning in any event, he has lost his citizenship, residence and domicile in Tennessee, and he is not entitled to maintain a bill for divorce.

Code cited and construed:  Sec. 4203 (S.); sec. 3308 (M. & V.); sec. 2450 (T. & S. and 1858).

Cases cited and approved:  Fickle v. Fickle, 5 Yer., 203; Foster v. Hall, 4 Hum., 348; Allen v. Thomason, 11 Hum., 536; Layne v. Pardee, 2 Swan, 235; Pearce v. State, 1 Sneed, 66; Straton v. Brigham, 2 Sneed, 423; White v. White, 3 Head, 410; Williams v. Saunders, 5 Cold., 79; Kellar v. Baird, 5 Heis., 46-49.

---

FROM CARROLL.

---

Appeal from the Chancery Court of Carroll County. —A. G. HAWKINS, Chancellor.

GEORGE T. M'CALL, for appellant.

MR. JUSTICE SHIELDS delivered the opinion of the Court.

This is a bill brought by the complainant, seeking a divorce from his wife, the defendant; the grounds charged being adultery and malicious desertion without reasonable cause for two whole years, committed in the District of Columbia. These charges are fully sustained by the proof, but the chancellor dismissed the bill for want of jurisdiction, being of the opinion that the complainant had not resided in this State for two years next preceding the filing of the bill, and therefore, under Code 1858, section 2450 (Shannon's Code, section 4203), was not entitled to maintain a bill for divorce in the courts of Tennessee.

The complainant charged in this bill and testified upon the hearing that he was born in Carroll county, Tennessee, and was raised in, and has been all the while and is now a citizen of, that county; that he resided there until 1882, when he was appointed to a position in the treasury department of the United States, at Washington, District of Columbia, when he carried his family to that city, and has lived there ever since, holding his said position; that he has within said period returned to Carroll county on three several occasions, on leave of absence of thirty days each, and has voted there in several elections, paying his poll tax in order to en-

able him to do so, and has had and yet has his church membership there, but he has not voted in all elections nor paid a poll tax for every year he was liable for such tax. He further testifies that it has always been his intention to return to Carroll county to reside in the event he should lose his position in the treasury department, which is under the civil service law, but the tenure of it is such that he may be discharged.

Citizenship, within the meaning of the section of the Code in question, includes residence; and, if complainant is yet a citizen of Tennessee, he may maintain this bill. *Fickle* v. *Fickle*, 5 Yerg., 203.

The question then is, has the complainant under the facts stated, lost citizenship and domicile in Tennessee? There is no question but what the complainant was previous to the time he went to Washington City, a citizen of Carroll county, Tennessee. There he was born and raised. There was the domicile of his nativity. Every one is presumed to retain this domicile until another is acquired. *Layne* v. *Pardee*, 2 Swan, 235.

And in order to constitute a change of domicile there must be concurrence of actual change of residence, and intention to abandon the old and acquire a new domicile. *Foster* v. *Hall & Eaton*, 4 Humph., 348; *Allen* v. *Thomason*, 11 Humph., 536, 54 Am. Dec., 55; *White* v. *White*, 3 Head, 410; *Williams* v. *Saunders*, 5 Cold., 79.

Where one has his residence and carries on his business is usually his domicile, but not necessarily so. He may be there temporarily, for the purpose of the partic-

ular business in hand, with an absolute and definite intention of returning to his original and actual domicile. *Pearce* v. *State,* 1 Sneed, 66, 60 Am. Dec., 135.

If the absence from the domicile of nativity or an acquired domicile is temporary, and there is all the while a fixed and definite intention of returning, there is no change, and no new domicile is obtained. Residence, however long, will not work a change of domicile, unless accompanied with such intent. *Kellar* v. *Baird,* 5 Heisk., 46; *Layne* v. *Pardee,* 2 Swan, 235.

The intention, however, to return to the domicile of nativity, or one acquired, must be fixed, absolute, and unconditional. A mere floating intention to return at some future period or upon the happening of some uncertain event is not sufficient. The intent to return must not depend upon inclination or be controlled by future events. *Stratton* v. *Brigham,* 2 Sneed, 423; *Kellar* v. *Baird,* 5 Heisk., 46-49; Story on Conflict of Laws, section 46.

In determining whether or not a change of domicile has been made, it is proper to consider, along with the statement of the party of his intent in the matter, his conduct and declarations, and all other facts that throw light upon the subject. Complainant, when he brought this bill, had been a resident in Washington City for twenty-two years, had kept house and reared his family there, and had only returned to his former home and exercised the rights of a citizen there on three occasions during all that time, and does not now state that he has

any fixed purpose to again take up his residence and the duties and rights of a citizen in this State. His strongest statement is that he is subject to dismissal in his employment in the treasury department, and in the event of such dismissal it is his intention to return. The clear inference is that if he should not be dismissed he will continue his residence in Washington during the remainder of his days. His return is conditioned upon an event that may never happen. He has no fixed purpose to return in any event. Upon these facts, we are clearly of the opinion that he has lost his citizenship and domicile in Tennessee, and is not entitled to maintain this suit. We are not to be understood as holding that a citizen of Tennessee, who removes himself and family out of the State for the purpose of discharging the duties of an office to which he has been elected or appointed, or for any other purpose, either for a definite or an indefinite time, with a distinct and fixed purpose of returning to his home in this State, and who, by discharging the duties of a citizen and taxpayer of the State and exercising the privileges of a citizen, manifests his intention to retain his citizenship and domicile here, loses his citizenship. On the contrary, upon the facts stated, it is clear that he would not, upon the well-settled principle that a mere transient or temporary absence from the State, with a fixed purpose of returning, does not work a change of domicile.

There is no error in the decree of the chancellor dismissing this bill, and it will be affirmed, with costs.