JOHNSTON *v.* JOHNSTON.

(Division A. March 28, 1938. Suggestion of Error Overruled April 25, 1938.)

[179 So. 853. No. 33137.]

**J. W. T. Falkner,** of Oxford, for appellant.

C. A. Bratton, of Oxford, for appellee.

**McGehee, J.**, delivered the opinion of the court.

Appellee filed her bill against appellant in the chancery court of Lafayette county, returnable to the May term of 1937, for separate maintenance, solicitor's fee, and for the custody of their children, but without seeking a decree of divorce. Process was not obtained prior to that term of court, and appellee filed a separate petition in July of that year praying for temporary alimony and solicitor's fee, and also for a temporary order regarding the custody of the children, and asked for a hearing thereon in vacation. Upon due notice to the appellant a vacation hearing was had and the relief prayed for was granted, except that the appellee was awarded the custody of only the youngest child.

On this appeal the appellant assigns as error the granting of the hearing in vacation, and the granting of any relief under the facts and circumstances disclosed by the record.

Section 1420, Code of 1930, provides that a proceeding to obtain a divorce shall not be heard or considered nor a decree of divorce entered except in open court at a regular or special term of the court, save in cases heard in term time and taken under advisement; but this statute further provides that the chancellor in vacation may, upon reasonable notice, in urgent and necessitous cases, hear petitions for temporary alimony and temporary custody of children and make all proper orders and decrees thereon. It is well settled, however, that a bill for alimony or separate maintenance may be maintained without seeking a decree for divorce, and it was held in the case of Verner v. Verner, 62 Miss. 260, that in a suit for alimony or separate maintenance, where no decree of divorce was sought, alimony pendente lite and solicitors' fees may be allowed. Such allowance does not depend upon statutory authority, but is a power incident to the jurisdiction of the court of chancery, in-

dependent of any statutory enactment. Porter v. Porter, 41 Miss. 116. The rule as announced in 30 C. J. 1085, is that "the practice on an application for temporary alimony and counsel fees in a suit for separate maintenance follows, as far as applicable to practice on a similar application in a suit for divorce." Applying this rule, in connection with section 1420, Code of 1930, it follows that the chancellor was authorized to hear and determine in vacation the petition for alimony pendente lite, solicitor's fee, and for the custody of the children.

In passing on such petition, the chancellor was not required to investigate the merits of the original bill or inquire into the truth of the facts therein alleged, but was only required to see that a case for relief was stated on the face of the bill, or the supplemental petition; that the allowance was necessary to enable the appellee to prosecute her suit, and in determining what was a proper allowance to be informed of the condition and circumstances of the parties and the pecuniary ability of the appellant to pay. Porter v. Porter, supra. In that case it was further held that such an allowance to the extent of the actual wants of the wife until her suit can be investigated and determined is almost a matter of course, and that the conduct of the wife, on an application for alimony pendente lite, is not a matter for investigation.

We are of the opinion that the petition on its face, which alleged a failure and refusal by the appellant to provide the actual necessities required for the support and maintenance of the appellee and the children, together with other facts and circumstances, sufficiently stated a case for the relief prayed for, and, since the question of alimony pendente lite and solicitor's fee is one directed to the sound discretion of the chancellor, his action in the premises will not be reversed except on grounds of a clear abuse of such discretion. We cannot say that the allowance made in this case was not

warranted by the facts disclosed on the hearing both as to the necessitous circumstances of the wife and the pecuniary ability of the husband.

Affirmed.