HAZEL ROGERS WISEMAN

*v.*

LOUIS ANDREW WISEMAN.

393 S.W.2d 892.

(*Nashville,* December Term, 1964.)

Opinion filed September 7, 1965.

704

W. G. McDonough, McMinnville, for appellant.

Haston & Haston, McMinnville, for appellee.

Mr. Chief Justice Burnett delivered the opinion of the Court.

This appeal has its origin in a divorce action instituted by complainant-appellant Hazel Rogers Wiseman against defendant-appellee, Louis Andrew Wiseman.

The bill, filed in the Circuit Court of Warren County, Tennessee, prayed for a divorce, custody of the children, support, certain personal property mentioned in the bill, and injunctive relief.

To this bill the defendant filed a plea in abatement directed to the jurisdiction of the Court to grant the relief prayed for in the bill. The trial court sustained this plea and dismissed the complainant's bill. Complainant then filed a motion for a new trial challenging the court's action in sustaining the plea and was overruled.

Whether or not the trial judge was in error in sustaining the plea in abatement and dismissing the bill is the

question now before this Court. The facts are stipulated and the matter resolves itself into a single legal question: whether or not this action can be maintained under the facts and circumstances of this case as they appear in the record.

In the view which this Court takes of this appeal, the following are the pertinent facts:

(1) The defendant is now and has continuously been in the United States Air Force since his induction in July of 1948. Prior to this time he was a resident of Warren County, Tennessee, living in that county at the home of his parents. During the defendant's military career he has had some ten or more duty assignments encompassing a geographic span from Okinawa to England abroad and from California to Washington, D. C., in the United States, and is presently stationed at Columbus Air Force Base in Mississippi. The record does not show that the defendant has ever purchased property or registered to vote in the locale of any of his various duty assignments. The record does show, however, that the defendant has made statements to the effect that he was a Tennessee resident during his tour of duty in Mississippi. The defendant was personally served with process pursuant to this action while on leave from his military assignment in Mississippi in Warren County, Tennessee.

(2) The complainant was a resident of Warren County, Tennessee, prior to her marriage to the defendant in December, 1948. Since her marriage to the defendant she has accompanied her husband to his various duty stations, returning to Warren County, Tennessee, whenever familial pleasure, convenience or necessity dictated. Since 1960 she has been in Mississippi with her husband

except during his leaves, all of which have been spent in Tennessee. The grounds for divorce alleged by complainant arose outside the State of Tennessee.

(3) The children of this marriage and the property mentioned in the bill were in Mississippi at the time the suit was filed.

(4) There is in effect an order issuing from the Chancery Court of Lowdes County, Mississippi, the subject of which being the custody and care of the children, the parents having been separated since August of 1963.

It is the opinion of this Court that the trial court was in error in dismissing the bill of the complainant for want of jurisdiction over the subject matter.

■ The general rule is that if either or both of the parties is a domiciliary of a state, then there exists a sufficient relationship between the state and the marital status to make it reasonable for the state to affect the marital status. See 27A C.J.S. Divorce sec. 71, page 246.

In *Tyborowski v. Tyborowski,* 28 Tenn. App. 583, 192 S.W.2d 231, the Tennessee jurisdictional standard is clearly stated:

"To give jurisdiction to the courts of this State in actions for divorce, one or both the parties must be domiciled in the State."

[See also *Gettys v. Gettys,* 71 Tenn. 260, *Brown v. Brown,* 155 Tenn. 530, 296 S.W. 356.]

" 'Domicile' is defined as the place 'where a person has his principal home and place of enjoyment of his fortunes; which he does not expect to leave, except for a purpose; from which when absent, he seems to him-

self a wayfarer; to which when he returns, he ceases to travel.' " *Snodgrass v. Snodgrass,* 49 Tenn.App. 609, 611, 357 S.W.2d 829, 831; *Tyborowski v. Tyborowski,* supra; *White v. White,* 40 Tenn. 404.

The reason that courts of a state have a valid basis of power to affect a marital res if one of the parties is domiciled in the state is that there exists a sufficient relationship or contact between the state and the marriage such that it is reasonable for the state to affect the marital res; the state having a vadid interest in the domestic status of its domiciliaries. This proposition is eloquently stated by Mr. Justice Frankfurter:

"Domicil implies a nexus between person and place of such permanence as to control the creation of legal relations and responsibilities of the utmost significance. The domicil of one spouse within a State gives power to that State, we have held, to dissolve a marriage wheresoever contracted." *Williams v. State of North Carolina* (II) 325 U.S. 226, 65 S.Ct. 1097, 89 L.Ed. 1577.

The predominant issue on this appeal is whether such a nexus exists between these parties and the State of Tennessee.

There is no question but that the defendant was, previous to the time he was inducted into military service in 1948, a domiciliary of Warren County, Tennessee. He lived in that county with his parents; there was his domicile of origin. Since 1948, he has moved from place to place pursuant to orders from the United States Air Force. The rule as pertains to such situations is generally stated in *Sturdavant v. Sturdavant,* 28 Tenn.App. 273, 189 S.W.2d 410:

" 'The domicile of a soldier or a sailor in the military or naval service of his country generally remains unchanged, domicile being neither gained *nor lost* by being temporarily stationed in the line of duty at a particular place, *even for a period of years,* and even though he establishes his family where he is stationed.' " (Emphasis added.)

[See also 17 Am.Jur., sec. 297, p. 460.]

■ As stated previously, the domicile of origin of this defendant was in Warren County, Tennessee. There is a presumption that everyone retains this domicile until a new one is acquired. *Sparks v. Sparks,* 114 Tenn. 666, 88 S.W. 173; *Layne v. Pardee,* 32 Tenn. 232, 235. The presumption is therefore that the defendant has retained his domicile of origin in Warren County. This presumption, however, is not conclusive and may be overcome as stated in *Tyborowski v. Tyborowski,* supra:

"A soldier can abandon his domicile of origin and select another, yet, in order to show a new domicile during the term of enlistment, there must be the clearest and most unequivocal proof."

■ In determining whether or not a change of domicile has been made, it is proper to consider the conduct and declarations of the party whose domicile is in question, and all other facts that throw light on the subject. *Sparks v. Sparks,* supra.

■ Since the reason for the defendant's absence from Tennessee has been his being stationed in other locales, under military orders, there is *no* proof in the record to rebut the presumption that the defendant has retained his domicile of origin in Warren County, Tennessee. Rather than being rebutted, the presumption is fortified

by his frequent returns to this State on his leaves and his own sworn statement that he was a "resident of the State of Tennessee." This sworn statement was made in an answer in the separate maintenance proceedings be-. tween these parties in Mississippi. This Court does not view this statement as *res judicata* that the defendant was a Tennessee resident, since that particular suit was dismissed on a different ground, but as some evidence tending to show that the defendant still looked on Tennessee as his permanent home, his domicile.

█ Under the facts and circumstances before this Court we find that the defendant's domicile is in Tennessee.

Standing alone, the fact that the defendant is a domiciliary of this State will not support the finding of jurisdiction over the subject matter in the Circuit Court of Warren County in this particular case. Since the complainant bases her action for divorce on grounds which arose outside the State of Tennessee, she must comply with T.C.A. sec. 36-803, the jurisdictional prerequisite to the maintenance of this type of action. This statute reads:

"A divorce may be granted for any of the aforesaid causes, though the acts were committed out of the state, or the petitioner resided out of the state at the time, no matter where the other party resides, if the petitioner has resided in this state one (1) year next preceding the filing of the bill or petition."

The defendant contends that the proper interpretation of this statute requires that the petitioner be actually corporally present in this State for one year immediately preceding the filing of the bill, and that since his wife

was physically present in Mississippi during the one year preceding the filing of her bill, she had not complied with the statute. This Court does not agree with this contention.

The statute in question was construed by this Court in *Carter v. Carter,* 113 Tenn. 509, 82 S.W. 309, where the Court said:

"* * * it [the statute, T.C.A. sec. 36-803] was intended thereby to provide that where the acts complained of were committed out of the state, a two-year *bona fide* residence in the state, next before the filing of the bill, should be made to appear, as a condition precedent to the granting of relief." [The period of time has now been amended to one year.]

Further construction of this statute is found in *Snodgrass v. Snodgrass,* 49 Tenn.App. 607, 608, at 611, 357 S.W.2d 829, at 831: "The term 'residence' in our divorce statute is equivalent to 'domicile'." [See also *Brown v. Brown,* 150 Tenn. 89, 261 S.W. 959; *Tyborowski v. Tyborowski,* supra; and *Gettys v. Gettys,* supra.]

In *Sparks v. Sparks,* supra, the complainant had been absent from Tennessee for an extended period of time, working and living in Washington, D. C. He filed suit for divorce in Tennessee alleging out of state grounds as the basis of his action. In sustaining the dismissal of his suit by the lower court, this Court said:

"Citizenship, within the meaning of the section of the Code in question, includes residence; and, if complainant is yet a citizen of Tennessee, he may maintain this bill. * * *

"The question then is, has the complainant, under the facts stated, lost citizenship and *domicile* in Tennessee?" (Emphasis added.)

Dismissal of this action was not on the basis that the complainant had not been physically present in the State but that the complainant had abandoned his domicile. The obvious inference of this case is that the term "residence" refers to domicile and not physical presence. See also *Saul v. Saul*, 74 App.D.C. 287, 122 F.2d 64.

■ The record supports the finding that the complainant had not abandoned her domicile in Tennessee and could therefore maintain her action for divorce.

"It is a well settled rule of the common law that 'The domicile of the husband draws to it the domicile of the wife.' " *Coury v. State ex rel. Webster*, 213 Tenn. 454, 374 S.W.2d 397.

[See also *Holman v. Holman*, 35 Tenn.App. 273, 244 S.W.2d 618; *Younger v. Gainotti*, 176 Tenn. 139, 138 S.W. 2d 448, 128 A.L.R. 1413.]

■ If the complainant's domicile before her marriage had been in Mississippi, the fact that the parties were living apart from one another at the time the suit was filed might support an argument that she had acquired a new domicile, separate from that of her husband. However, in this case, the complainant's frequent returns to this State infer that even if she acquired a domicile separate from that of her husband, it would presumptively still be in Tennessee, her domicile of origin.

The policy behind this statute is stated in *Holman v. Holman*, 35 Tenn.App. 273 at 279, 244 S.W.2d 618, at p. 620:

"* * * the purpose of this statute is to prevent non-residents from using this State as a dumping ground for the marital troubles of other States."

■ This policy is not violated by our holding that a complainant, alleging out of state grounds in the bill, has satisfied the statutory prerequisite as to residence as set out in T.C.A. sec. 36-803, if such complainant has been a domiciliary of this State for the one year next preceding the filing of the bill.

This Court, therefore, concludes that the trial court was in error in dismissing the bill of the complainant for want of jurisdiction to affect the marital status of these parties.

■ There can be no question that the trial court had the power to enter an *in personam* order affecting the disposition of the property mentioned in the bill since both parties were before the court, the complainant by original bill and the defendant by personal service of process.

■ The final matter considered by this Court is the effect of the order for custody and support of the children of these parties issued from the Chancery Court of Lowdes County, Mississippi in vacation.

Section 2742 of the Mississippi Code, after providing that all proceedings for divorce shall be in open court, provides:

"* * * the chancellor in vacation may, upon reasonable notice, in urgent and necessitous cases, hear petitions for temporary alimony and temporary custody of children and make all proper orders and decrees thereon."

Under this portion of the statute, petitions may be made to the Mississippi chancellors in vacation to pre-

serve the status quo or afford temporary relief until the merits of the cause may be determined. As the Mississippi Court said in *Johnston v. Johnston,* 182 Miss. 1, 179 So. 853, 854:

"In passing on such a petition, the chancellor was not required to investigate the *merits* of the original bill or inquire into the truth of the facts therein alleged, but was only required to see that a case for relief was stated on the face of the bill, or the *supplemental* petition; * * *." (Emphasis added.)

It is not difficult to understand the merit of such a remedial statute. When the plight of children caught in the throes of a controversy between their parents is considered, it is apparent that some remedy must be available to protect their best interests until a final adjudication may be made between the parents. The Mississippi decree is founded on this concept.

The defendant in this case seems to argue that because of the existence of such a decree this would prevent the trial court from taking jurisdiction of the case. This Court cannot accept this argument. As stated previously, the decree from the Mississippi Chancery Court was to preserve the status quo, and jurisdiction would remain in that court only until a final disposition of the merits of the controversy between the parents.

The proper place for such final disposition is in Warren County, Tennessee. Even though the children were not in this State at the time the bill was filed, there is a valid basis of power to award custody in this situation, since both the children are domiciled in this State and their parents are before the court.

The decree dismissing the bill of the complainant is reversed and the cause remanded.