IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 17, 1999

## IN THE MATTER OF ASBERT JOSEPH

**Appeal from the Chancery Court for Wayne County**
**No. 10247     Robert L. Jones, Judge**

---

**No. M1999-02795-COA-R3-CV - Filed April 30, 2002**

---

This appeal involves a state prisoner's efforts to change his name in accordance with the tenets of the Nation of Islam. The prisoner filed his petition in the Chancery Court for Wayne County. The trial court summarily dismissed the petition even though it was uncontested, and the prisoner has appealed to this court. We affirm the dismissal of the petition solely because the prisoner neither alleged nor proved that he was a resident of Wayne County when he filed the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM C. KOCH, JR., J., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

Asbert Joseph, Clifton, Tennessee, Pro Se.

## OPINION

### I.

Asbert Joseph is incarcerated at the South Central Correctional Facility in Clifton, Tennessee. He has converted to the Muslim faith as practiced by the Nation of Islam. According to Mr. Joseph, one of the tenets of his new religion is that he must change his name to make a public declaration of his Muslim faith. To that end, Mr. Joseph desires to change his name to Asbert Muhammad. While nothing prevents Mr. Joseph from calling himself whatever he likes for religious purposes, the Department of Correction requires prisoners to formally change their names before it will recognize them by any name other than the name they had when they were incarcerated.

In July 1998, Mr. Joseph filed a pro se petition to change his name in the Chancery Court for Wayne County, the home of the South Central Correctional Facility. His petition, filed under a pauper's oath, asserted that he desired to change his name for religious reasons and that he was not attempting to change his name for any illegal or fraudulent purpose or to delay or hinder his

creditors. The Department did not oppose Mr. Joseph's petition. However, on October 27, 1998, the trial court filed an order denying the petition on four grounds. First, the trial court determined that Mr. Joseph had not demonstrated that he was a resident of Wayne County as required by Tenn. Code Ann. § 29-8-102 (2000). Second, the trial court pointed out that the petition did not state affirmatively that Mr. Joseph had not been convicted of one of the offenses listed in Tenn. Code Ann. § 29-8-101(b)(1) (2000) that would disentitle him to change his name.[1] Third, the trial court concluded that Mr. Joseph had not demonstrated that he could comply with the prohibition in Tenn. Code Ann. § 29-8-101(c) against expending state funds to change a state prisoner's name. Finally, the trial court concluded that "it clearly is in the best interest of society that the petitioner retain the name under which he was convicted for all non-religious purposes, so that courts, law enforcement agencies, and others may learn of the petitioner's criminal history."

In his motion requesting the trial court to reconsider its decision, Mr. Joseph asserted that he had been convicted of especially aggravated robbery which is not one of the disqualifying offenses in Tenn. Code Ann. § 29-8-101(b)(1). He also insisted that he had been unaware of Tenn. Code Ann. § 29-8-101(c) and that he had "obtained the necessary funds" to pay for his name change. On January 6, 1999, the trial court filed an order adhering to its October 27, 1998 order and stating that it was "merely denying him any right to change his name in Wayne County." Mr. Joseph has appealed from this order.

## II.

A person's name is one of his or her most personal attributes. Accordingly, the common law has long recognized every person's right to use and to be known for all legal and social purposes by any name he or she chooses as long as the choice of name did not inappropriately interfere with another's rights. *Dunn v. Palermo*, 522 S.W.2d 679, 682-83 (Tenn. 1975); *Barabas v. Rogers*, 868 S.W.2d 283, 286 (Tenn. Ct. App. 1993). Tennessee, like most states, has enacted statutes providing procedures to obtain name changes. *See* Tenn. Code Ann. §§ 29-8-101, -105 (2000). With two exceptions we will address presently, these statutes are not intended to diminish an individual's right to change his or her name but rather to provide an expeditious procedure for doing so.

The statutes provide a relatively straightforward procedure for changing a name. Persons desiring to change their name need only file a verified petition in circuit, probate, or county courts[2] of the county of their residence[3] stating that they are a resident of the county and giving their reasons

---

[1]Tenn. Code Ann. § 29-8-101(b)(1) provides that persons convicted of first or second degree murder or any offense requiring registration in accordance with the Sexual Offender Registration and Monitoring Act do not have the right to legally change their name.

[2]Chancery courts have concurrent jurisdiction over name change petitions by virtue of Tenn. Code Ann. § 16-11-102(a) (1994).

[3]Tenn. Code Ann. § 29-8-101(a).

for changing their name. The statutes place no additional burdens on most persons seeking to change their names. However, state prisoners desiring to change their name must demonstrate (1) that they were not convicted of first or second degree murder or any other offense that would require the prisoner to register under the Sexual Offender Registration and Monitoring Act and (2) that no state funds will be expended to change their name. The statutes do not require persons desiring to change their name to show good cause, and, when all requirements have been met, the statutes envision that the trial court will deny a name change application only if there is good reason to do so.

The controlling issue on this appeal is whether Mr. Joseph has demonstrated that he is a resident of Wayne County because, if he is not, the courts in Wayne County do not have the statutory authority to change his name.[4] Mr. Joseph insists that he is a "resident" of Wayne County because he is physically housed in the South Central Correctional Facility at Clifton. However, for the purpose of Tenn. Code Ann. § 29-8-102, the term "resident" means more than mere physical presence.

It is a well-neigh universal principle that the term "residence," when it appears in a statute prescribing where particular suits must be filed, means a person's legal residence or domicile. *Wiseman v. Wiseman*, 216 Tenn. 702, 710, 393 S.W.2d 892, 896 (1965); *Snodgrass v. Snodgrass*, 49 Tenn. App. 607, 611, 357 S.W.2d 829, 831 (1961); *accord St. Joseph's Hosp. v. Maricopa County*, 688 P.2d 986, 991 (Ariz. 1984); *Fowler v. Fowler*, 477 N.W.2d 112, 113 (Mich. Ct. App. 1991); *In re Estate of Bursheim*, 483 N.W.2d 175, 180 (N.D. 1992). In Tennessee, a person's domicile is the place where his or her habitation is fixed, from which he or she does not plan to leave and to which he or she plans to return. *Wiseman v. Wiseman*, 216 Tenn. at 707, 393 S.W.2d at 894; *Hascall v. Hafford*, 107 Tenn. 355, 361, 65 S.W. 423, 424 (1901).

Because domicile is volitional, a forceable change in a person's place of residence ordinarily does not alter the person's domicile. Restatement (Second) Conflict of Laws § 17 (1971). Accordingly, a prisoner's domicile remains what it was before his or her imprisonment and does not change to the location of his or her confinement. *Sullivan v. Freeman*, 944 F.2d 334, 337 (7th Cir. 1991); *Ownby v. Cohen*, 19 F. Supp. 2d 558, 563 (W.D. Va. 1998); *O'Brien v. Schweiker*, 563 F. Supp. 301, 302 (E.D. Pa. 1983); *Ferguson's Adm'r v. Ferguson's Adm'r*, 73 S.W.2d 31, 32 (Ky. 1934).

---

[4]Tenn. Code Ann. § 41-21-803 (1997) governs the venue of certain actions filed by state prisoners. It provides that "[e]xcept as otherwise provided by law, an action that accrued while the plaintiff inmate was housed in a facility operated by the department shall be brought in the county in which the facility is located." This statute does not require that all suits filed by prisoners be filed in the county where the facility in which they are housed is located because it expressly envisions that the venue in a state prisoner's action may be controlled "as otherwise provided by law." In this case, Tenn. Code Ann. § 29-8-101(a) requires that petitions to change a name must be filed in the courts where the petitioner resides. Thus, Tenn. Code Ann. § 29-8-101(a), rather than Tenn. Code Ann. § 41-21-803, controls where suits like Mr. Joseph's must be filed.

As a matter of law, Mr. Joseph's involuntary presence in Wayne County by virtue of his incarceration in the South Central Correctional Facility does not establish that he is a resident of Wayne County for the purpose of Tenn. Code Ann. § 29-8-102. Mr. Joseph's petition does not contain well-pleaded facts demonstrating that his domicile was Wayne County when he was first sentenced to the custody of the Department of Correction. Accordingly, the trial court properly dismissed the petition on the ground that it did not allege that Mr. Joseph was a resident of Wayne County prior to his incarceration.[5]

## III.

We affirm the dismissal without prejudice of Mr. Joseph's petition solely on the ground that he has not demonstrated that he was resident of Wayne County when he was first incarcerated in the Department of Corrections.[6] We remand the case to the trial court for whatever further proceedings may be required, and we tax the costs of this appeal to Asbert Joseph for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE

---

[5]In a recent case involving another prisoner's efforts to change his name, the Eastern Section vacated an order of the Chancery Court for Morgan County dismissing the prisoner's petition and remanding the case for further proceedings. *In re Ray Allen Smith*, No. E2000-00321-COA-R3-CV, 2001 WL 256135, at *3 (Tenn. Ct. App. Mar. 15, 2001) (No Tenn. R. App. P. 11 application filed). There is no indication in the opinion whether the court addressed whether Mr. Smith was a resident of Morgan County when he was incarcerated or whether the court believed that Tenn. Code Ann. § 41-21-803 was applicable.

[6]Nothing in our opinion should be construed as an approval or endorsement of any of the other grounds relied upon by the trial court. In fact, we specifically reject the trial court's belief that the best interest of society will be served by requiring Mr. Joseph to retain the name under which he was convicted for all non-religious purposes to enable the courts, law enforcement agencies, and the public to discover his criminal history. By enacting Tenn. Code Ann. § 29-8-101(b)(1) and -101(c), the General Assembly has decided that prisoners who demonstrate that they meet the statutory requirements should be permitted to change their names unless doing so would cause some specific damage to another's interests.