CRAWFORD and HIGHERS, JJ., concur.

**CON-TECH, INC., a corporation, and Roy N. Strickland, Plaintiffs-Appellants,**

**v.**

**J. Collier SPARKS, Fries Correctional Equipment, Inc., a corporation, and E.S.S., Inc., a corporation, Defendants-Appellees.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

July 11, 1990.

Permission to Appeal Denied by Supreme Court Oct. 1, 1990.

Thomas W. Hardin, Hardin, Matthews, Ewing & Barnes, Columbia, for plaintiffs-appellants.

Dennis J. Meaker, Robert E. Boston, Waller, Lansden, Dortch & Davis, Nashville and Terrence Lee Croft, Griffin, Cochrane, Marshall & Elger, Atlanta, Ga., for defendants-appellees.

## OPINION

CANTRELL, Judge.

This case involves the application of sanctions under Rule 11 of the Tennessee Rules of Civil Procedure. The trial judge found that the original plaintiffs, Con-Tech, Inc. and Roy N. Strickland, and their attorney, William M. Bouldin, had violated Rule 11 and assessed attorney's fees and costs against them in the amount of $31,-510.93. For the reasons set forth in this opinion we affirm the judgment of the trial court.

This claim arises out of an action filed in Columbia against J. Collier Sparks, Fries Correctional Equipment, Inc. and E.S.S., Inc. on a foreign judgment from the state of Alabama. The plaintiffs sought and obtained a writ of attachment for some property in Maury County allegedly owned by one of the defendants and about to be removed from the state. The complaint alleged that the plaintiffs had a judgment in the Circuit Court of Colbert County, Alabama against "the defendants" in the sum of $1,022,325.50. The complaint was signed by Roy N. Strickland, individually and as a representative of Con-Tech, Inc. and by William B. Bouldin, attorney for the corporation. Based on the allegation that the property was being or was about to be removed from the state, the judge below issued the attachment prayed for.

In fact, the plaintiffs did not have a judgment against Mr. Sparks in any amount. Just the day before the action was filed in Maury County, the plaintiffs, in an order signed by Mr. Bouldin, dismissed the Alabama action against Mr. Sparks. In addition, the Alabama judgment had been appealed to the Alabama Supreme Court.

The action in Maury County was the third action brought by the plaintiffs against the same defendants. After obtaining judgment in Alabama the plaintiffs filed suit in the Court of Common Pleas in Miami County, Ohio, seeking to enforce the Alabama judgment. Upon hearing that the Alabama judgment had been appealed, the Ohio court suspended the proceeding there to await the outcome of the appeal.

After all of the facts came to the attention of the trial judge, he held that Rule 11 had been violated in three particulars: (1) by alleging that the plaintiffs had a judgment against Mr. Sparks when in fact they did not; (2) by failing to disclose in the complaint that the Alabama judgment has been appealed; and (3) by failing to disclose in the complaint that the court in Ohio

had suspended the proceedings there. The trial judge was of the opinion that any competent attorney would have found after a reasonable inquiry that the allegations concerning the judgment against Mr. Sparks were false. In addition, the trial judge found that the failure to allege that the judgment was on appeal induced him to act affirmatively on the prayer for extraordinary relief which he would not have done if all the facts had been disclosed. The court assessed the original plaintiffs and their attorney the reasonable costs and attorney's fees incurred by the defendants in the proceedings.

### Rule 11

After being amended in 1987 to conform to the provisions of Rule 11 of the Federal Rules of Civil Procedure, Rule 11 of the Tennessee Rules of Civil Procedure requires that every pleading by a party represented by an attorney shall be signed by one attorney of record. The signature of the attorney or party,

> constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

If a pleading is signed in violation of the Rule the court *shall* impose an appropriate sanction on the person who signed the pleading, a represented party, or both. *Id.* The sanction may include the reasonable expenses incurred because of the filing, including a reasonable attorney's fee. *Id.*

### Was Rule 11 Violated?

In the instant case there can be no question that Mr. Strickland and the attorney, Mr. Bouldin, violated Rule 11 when they signed the complaint alleging that the plaintiffs had a judgment against Mr. Sparks.

It is another question, however, to say that the failure to allege additional facts also violates Rule 11. One of the facts found by the lower court to be a violation was the failure of the plaintiffs and their counsel to disclose that the Alabama judgment had been appealed. Although the point has not been raised by the appellants, we think we should deal with the question of whether a pleading violates Rule 11 because it does not disclose facts that may be pertinent to the claim.

■ Rule 11 does not specifically cover that factual situation. All the rule says about the factual allegations in a pleading is that the signer certifies to the best of his knowledge, information and belief, formed after a reasonable inquiry, the pleading is well grounded in fact.

Is it enough that the facts alleged are true? Or does the rule require the pleader to disclose other facts that have a bearing on the conclusions to be drawn from the facts alleged?

■ We have not found any authority directly on point. But we think that under the circumstances of this case, the plaintiffs and their attorney were required by Rule 11 to disclose that the Alabama judgment had been appealed. They were seeking an attachment, a type of extraordinary relief. Critical to the decision of the trial judge is whether to issue the attachment was the allegation that the plaintiffs had a judgment against the defendants in Alabama. We think the plaintiffs had a duty to disclose all of the facts that would have a bearing on the trial judge's decision whether to grant that relief. A pleading that withholds facts, known to the pleader, that are pertinent to a prayer for extraordinary, ex parte, relief involving the discretion of the trial judge, is not well grounded in fact.

Therefore, we conclude that the failure to allege pertinent facts in the complaint in this case amounts to a violation of Rule 11.

### Exigent Circumstances

The appellants seek to avoid the imposition of sanctions by showing that the emer-

gency conditions under which they were acting resulted in the flaws in the complaint. The circumstances are: the appellants were seeking to attach property owned by E.S.S., Inc. and/or Fries, both of which were subject to the Alabama judgment. The judgment was not stayed by the appeal to the Alabama Supreme Court. The appellants had information that some of the property of Fries and E.S.S., Inc. had been removed from Alabama to Tennessee and was about to be disposed of. They had to act quickly in obtaining the assistance of Tennessee counsel and getting the complaint filed before the courts closed on the day in question.

We fail to see how these facts are relevant to the flaws in the complaint. No urgency could excuse the allegation that the plaintiffs had a judgment against Mr. Sparks—a positive misstatement of fact. And, as we have stated, the pleader has the duty to allege the facts that would have a bearing on the exercise of the court's discretion in granting extraordinary relief. We think that duty exists regardless of the limited time in which to act.

### The Ability to Pay

We will deal with the size of the award in another section of this opinion. Here the appellants argue that a necessary inquiry in determining the amount to be awarded as a monetary sanction for a violation of Rule 11 is the ability of the offending party to pay the amount awarded. There is authority under Federal Rule 11 for this position. *See Jackson v. O'Hara,* 875 F.2d 1224 (6th Cir.1989) ("The District Court must make some inquiry concerning an attorney's ability to pay a monetary sanction. Rule 11 should not be used as a vehicle to drive an attorney out of practice.") 875 F.2d at 1230. *See also Calloway v. Marvel Entertainment Group,* 854 F.2d 1452 (2nd Cir.1988).

The appellees contend that under Tennessee law there is no requirement of a showing of the ability to pay in setting a Rule 11 monetary sanction and, further, that the appellants waived the issue by not raising it in the lower court. *See* Rule 6 of the Rules of the Tennessee Court of Appeals.

We are of the opinion that the contentions of the appellees are two sides of the same coin, i.e. whether the ability to pay is a necessary element of the proof in establishing a proper monetary sanction under Rule 11. If it must be considered, the appellees have the burden of proving it and the appellants did not waive the issue by not raising it in the court below.

Although the authorities are not in full agreement on the primary purpose of Rule 11 (whether it is compensation, deterrence, or punishment), the majority view of the courts considering the matter is that deterrence was the object of the Advisory Committee on the Civil Rules in promulgating the 1983 changes in the rule. *See Jackson v. O'Hara,* 875 F.2d 1224, 1229 (6th Cir. 1989); *In Re Yagman,* 796 F.2d 1165 (9th Cir.1986). A general discussion of the purposes and intent of Rule 11 can be found in an article entitled *A Uniform Approach to Rule 11 Sanctions* found in 97 Yale Law Journal 901 (1988). Since deterrence is the principal goal of Rule 11, the majority of the federal courts have taken the position that "the court should impose the least severe sanction that is likely to deter." *Jackson v. O'Hara,* 875 F.2d at 1229.

■ In this state, however, our Supreme Court has adopted a different view of another rule which has as its object the deterrence of future conduct: the rule of punitive damages. In *Anderson v. Latham Trucking Co.,* 728 S.W.2d 752 (Tenn.1987), the Supreme Court held that evidence of the wealth or financial standing of the defendant is not required to support an award of punitive damages, although it is one of the factors that may be considered. Since the object of Rule 11 is the same as the rule allowing punitive damages, we are of the opinion that the ability of the sanctioned party to pay an award is not a necessary element of proof in a Rule 11 case.

### Allocation of the Sanction

■ The appellants argue that the sanction should have been allocated between

the attorney, Mr. Bouldin, and the parties he represented. While allocation is a sound principle generally, and may be necessary in many cases, we see no error in this case in awarding judgment jointly against the parties and the attorney. The complaint was signed by the attorney and one party, Mr. Strickland, who also signed as a representative of the other plaintiff. Under these circumstances a judgment against the plaintiffs and their attorney jointly was proper.

### The Size of the Award

The appellants attack the size of the award on two fronts, alleging: (1) that the fees claimed by the appellees' counsel were unreasonable, excessive, and/or unnecessary and (2) that the appellees' counsel failed to mitigate their expenses.

Specifically, the appellants argue that it was not necessary that the defendants have one lawyer from Atlanta and two local counsel attend the hearing on February 3, 1989 at which the court heard the motion for sanctions; that the hourly rate charged by the Atlanta attorney was excessive and should have been reduced to the going rate for attorneys in the Columbia area; and that the record shows considerable duplication in the work performed by the Atlanta attorney and local counsel.

Relevant to these issues the trial judge found that the amounts "sought by the defendants were appropriate and reasonable" and accepted the affidavits filed by defendants' counsel in "their entirety." These findings of fact are presumed to be correct unless the preponderance of the evidence is otherwise. Rule 13(d), Tenn.R. App.P.

The appellants do not cite any evidence in the record which preponderates against the findings of the trial judge. In our review of the record, we have been equally unsuccessful in finding any proof on which to overturn the trial judge. On both positions taken by the appellants there is simply no proof in the record at all from which we could conclude that the hours spent were unnecessary or that the fees charged were excessive.

The judgment of the court below is affirmed and the cause is remanded to the Circuit Court of Maury County for further proceedings. Tax the costs on appeal to the appellants.

LEWIS, J., and JOE C. LOSER, Jr., Special Judge, concur.