Shirley Rae VERMILLION,
Plaintiff–Appellee,

v.

Ronald Lee VERMILLION,
Defendant–Appellant.

Court of Appeals of Tennessee,
Eastern Section.

July 1, 1994.

Application for Permission to Appeal
Denied by Supreme Court
Oct. 3, 1994.

Tom Landis, Chattanooga, for appellant.

Glenna M. Ramer, Chattanooga, for appellee.

### OPINION

SUSANO, Judge.

This is a divorce case. The Defendant Ronald Lee Vermillion appeals the Judgment of the trial court granting his wife, the Plaintiff Shirley Rae Vermillion, an absolute divorce. He attacks the trial court's Judgment on the ground that the court "lacked jurisdiction due to a previously filed and pending Texas divorce action." He also argues that the trial court should have granted T.R.Civ.P. Rule 11 sanctions against the Plaintiff.

### I

This latest "round"[1] in the parties' multistate divorce litigation was initiated on November 3, 1992, when the Plaintiff filed a Complaint for divorce in the Hamilton County Circuit Court. On January 26, 1993, the Defendant filed a Motion to Dismiss for lack of subject matter jurisdiction. In the same pleading, he also sought T.R.Civ.P. Rule 11 sanctions. On February 2, 1993, the trial court heard argument on the Defendant's Motion and denied it in toto. After his Motion was denied, the Defendant "stood" on the Motion, filed no further pleadings, and withdrew[2] from active participation in the divorce hearing. The trial court, proceeding ex parte on the same day, heard the Plaintiff's proof, and granted[3] the Plaintiff an absolute divorce.

### II

The parties were married on March 15, 1973, in the State of Texas. Their marriage was childless. The parties moved to the Chattanooga area in 1987. They separated there in March, 1991. The Defendant has lived in the Chattanooga area since 1987. The Plaintiff has also lived in the Chattanooga area since 1987 except for the period from March, 1991, to August, 1992, when she lived in Texas.

The Defendant became "involved" with another woman during the parties' marriage. While the record strongly hints that the af-

1. Mr. Vermillion "fired the first salvo" in the parties' divorce litigation when he sued his wife for divorce in the Hamilton County Circuit Court on April 23, 1991. That suit was dismissed after a hearing, the trial court finding that the Defendant did not have grounds for divorce. On January 13, 1992, Mr. Vermillion again sued for divorce, this time in the District Court, 148th Judicial District, Nueces County, Texas. The Texas divorce action is still pending.

2. Mr. Vermillion's counsel later "reappeared" and participated in a separate hearing by the trial court on the division of the parties' property. See Footnote 3 to this Opinion.

3. The relief in this case was actually granted in two stages. On February 19, 1993, the trial court entered a "Final Decree of Divorce" but reserved its determination as to an appropriate division of the parties' marital estate. The Defendant appealed that Decree to this Court and we remanded the case to the trial court for a "disposition of the matters reserved." Thereafter, on January 7, 1994, the trial court entered a "Final Order" disposing of the parties' marital property. It is from this latter Order that the present appeal is being pursued.

fair occurred in Tennessee, it is not absolutely clear whether this illicit relationship occurred here or in Texas. Given the basis of our decision in this case, the site of that affair is immaterial.

### III

■ The Defendant argues that the trial court did not have jurisdiction because of a previously filed and pending Texas divorce action. The record before us reflects that the Texas action filed by Mr. Vermillion was filed prior to the institution of the case at bar and was pending when Ms. Vermillion filed this suit in the Hamilton County Circuit Court. The Defendant's argument squarely presents this question: does the prior filing and pendency of the Texas action[4] preclude the Hamilton County Circuit Court from acquiring and exercising subject matter jurisdiction of Ms. Vermillion's divorce action? We think not.

### IV

Mr. Vermillion had been a resident of Hamilton County for some five years when Ms. Vermillion filed for divorce in the instant case. T.C.A. § 36–4–104 provides a number of bases for subject matter jurisdiction of a divorce action, including "if ... the defendant has resided in this state six (6) months next preceding the filing of the complaint." See *Wiseman v. Wiseman*, 216 Tenn. 702, 393 S.W.2d 892, 894 (1965). There is nothing in the record even remotely suggesting that Mr. Vermillion's domicile is other than in the State of Tennessee. On the contrary, his long residence and employment here are a strong indication that his domicile is here. We find that the Hamilton County Circuit Court had subject matter jurisdiction of Ms. Vermillion's divorce action by virtue of the fact that Mr. Vermillion had resided in Hamilton County for more than "six (6) months next preceding the filing of the complaint."

See also *Williams v. State of North Carolina*, 325 U.S. 226, 229, 65 S.Ct. 1092, 1095, 89 L.Ed. 1577 (1945) ("Under our system of law, judicial power to grant a divorce—jurisdiction, strictly speaking—is founded on domicil.... The domicil of one spouse within a State gives power to that State, we have held, to dissolve a marriage wheresoever contracted."). In view of Mr. Vermillion's domicile in Tennessee, it is immaterial that Ms. Vermillion had returned[5] to Hamilton County from Texas only three months before she filed for divorce in this state. The trial court's basis of power in this case is not dependent on Ms. Vermillion's domicile.

### V

■ The issue regarding subject matter jurisdiction as framed by Mr. Vermillion suggests that the earlier filed Texas divorce case in some way **prevented** the Hamilton County Circuit Court from acquiring jurisdiction of the *res* of the parties' marriage. If this is his position, it involves a misunderstanding of the law regarding subject matter jurisdiction in a divorce case. Two or more states may simultaneously have subject matter jurisdiction of a marriage so as to vest each of those states with the power to adjudicate the issue of divorce. As we pointed out in *Atchley v. Atchley*, 585 S.W.2d 614, 617 (Tenn.App. 1978), "... divorce and custody proceedings being instituted in separate jurisdictions by estranged spouses is quite common."

■ In the instant case, the Hamilton County Circuit Court correctly concluded that it had subject matter jurisdiction of Ms. Vermillion's divorce action. The Texas court also decided that it had subject matter jurisdiction of Mr. Vermillion's divorce suit; but this finding by the Texas court, **in a still pending action,** does not prevent the Hamilton County Circuit Court from acquiring and exercising subject matter jurisdiction in this case. This is the clear teaching of *Atchley*.

---

4. The Texas court found that it had subject matter jurisdiction of Mr. Vermillion's divorce action. When it was filed, Ms. Vermillion had lived in Texas for approximately ten months.

5. It is also immaterial whether Ms. Vermillion's stay in Texas from March, 1991, to August, 1992, constituted a change in her domicile from Tennessee to Texas.

The real issue in this case is whether Tennessee should have *exercised* the jurisdiction it clearly had in view of the previously filed and pending Texas action.

This case is controlled by our decision in *Atchley v. Atchley, supra.* In *Atchley,* the parties were married in the State of South Carolina. They separated in that state, and the wife moved to Tennessee with her child. The husband remained in South Carolina where he subsequently filed for divorce. While his divorce suit was pending in South Carolina, the husband filed a second and separate action in South Carolina for the "wrongful abduction of his child." *Atchley,* at 616. In the second South Carolina suit, the wife appeared specially and moved to dismiss, taking the position that she and her child were residents of Greene County, Tennessee, "and had been since early January, 1977." *Id.* By order entered June 23, 1977, the South Carolina court determined that the wife was a resident and domicile of South Carolina. The South Carolina court granted the father equal temporary custody of the child. The judgment in the second South Carolina case was not appealed and became final. Subsequently, the wife, instead of obeying a South Carolina injunction in the second South Carolina case, filed for divorce in Greene County, Tennessee. Before the South Carolina divorce action was concluded, the Tennessee court granted the wife a divorce and custody of the child. Following the entry of the judgment in the Tennessee action, the South Carolina divorce proceeding was concluded with the husband being granted a divorce and custody of the child.

In *Atchley,* we acknowledged that the June 23, 1977, decree of the South Carolina court pertaining to the wife's domicile, *as of the date of that court's order,* was entitled to full faith and credit under Article IV, Section 1, of the United States Constitution. But that holding did not preclude the wife in *Atchley* from proceeding upon an act of cruel and inhuman treatment which occurred in Tennessee after the date of the South Carolina order. In other words, we held that Tennessee had subject matter jurisdiction based upon facts occurring after the entry of the South Carolina order.

■ In the instant case, the Defendant relies upon the fact that the Plaintiff filed a verified answer and counterclaim for divorce in Texas in which she asserted that she "reside[d] in Corpus Christi, Nueces County, Texas." That particular pleading was filed under oath on February 3, 1992; but that pleading does not mean that Tennessee is without jurisdiction in this case since subject matter jurisdiction here is not based upon the wife's domicile, but upon the fact that the Defendant was a domicile of this state for six months preceding the filing of the Plaintiff's Complaint in Tennessee. As earlier indicated in this Opinion, the Plaintiff's domicile in this case is immaterial to our determination that the Hamilton County Circuit Court had subject matter jurisdiction.

## VI

■ The Defendant's argument on the matter of subject matter jurisdiction is really an argument predicated on the doctrine of prior suit pending. He contends that this matter should not go forward in Tennessee because the lawsuit in Texas was started first and is still pending. But as the *Atchley* case clearly indicates, the concept of "the race to the courthouse" is not critical in determining whether a state should exercise subject matter jurisdiction in a divorce case.

■ In *Atchley,* we cited with approval the following from 24 Am.Jur., Divorce and Separation, § 188, p. 346:

> ... the pendency of an action for a divorce or separation in one state will not require the abatement of an action for a divorce subsequently brought in another state.

*Atchley,* at 620. Abatement of an action pending in this state because of an action pending in another state is a matter within the sound discretion of the trial court. *Id.* In the absence of an abuse of that sound discretion, the trial court will not be placed in error for exercising or refusing to exercise its right to stay a divorce proceeding. *Id.*

In this case, both parties were living in Tennessee at the time the Plaintiff filed her action here and when the case was heard. Both parties worked in Tennessee. The property to be divided by the court was in Tennessee. Tennessee not only had subject matter jurisdiction, but it was also the appropriate state to exercise that jurisdiction under the facts of this case. The trial court did not abuse its discretion in proceeding to hear the Plaintiff's Complaint for divorce.

### VII

■ The Defendant argues that the trial court should have granted T.R.Civ.P. Rule 11 sanctions against the Plaintiff because she filed a Petition for contempt based upon what the Defendant says was a "facially" void order; because she made an argument in this Court in an earlier appeal of this case which the Defendant contends was false; and because the pending Texas action was not mentioned in her Complaint for divorce in the instant case. The Defendant relies upon the case of *Con–Tech, Inc. v. Sparks,* 798 S.W.2d 250 (Tenn.App.1990). The Defendant's reliance on the *Con–Tech, Inc.* case is misplaced. In that case sanctions were upheld because the plaintiff there sued on a foreign judgment that did not exist and because he did not allege certain facts which could have affected the judgment of the trial court in connection with an application for extraordinary relief. *Id.* at 251–52. In the instant case, the Petition for contempt was filed at a time when the trial court believed that it had entered an appropriate order for alimony pendente lite. The fact that we later held that the entry of that order was not proper does not mean that the Plaintiff committed a Rule 11 violation when she signed her Petition for contempt based upon a violation of what was then a facially valid order. See *Andrews v. Bible,* 812 S.W.2d 284 (Tenn. 1991). A court's order is to be obeyed until modified, set aside, or otherwise nullified. *Nashville Corp. v. United Steelworkers, etc.,* 187 Tenn. 444, 215 S.W.2d 818 (1948); *Segelke v. Segelke,* 584 S.W.2d 211 (Tenn.App. 1978).

We do not believe that it was necessary for the Plaintiff to indicate that an action had been filed in Texas by her husband and was then pending at the time she filed for divorce. Unlike the *Con–Tech, Inc.,* case, there was no request for extraordinary relief in this case. Furthermore, the pendency of the Texas case, as we have previously indicated, did not affect the Tennessee court's subject matter jurisdiction. By the time the trial court decided to hear the Plaintiff's Complaint for divorce, it was well aware of the pending Texas action.

■ Finally, the Defendant cannot rely upon an argument to this Court on an appeal as a basis for Rule 11 sanctions. Rule 11 pertains to a "pleading, motion, [or] other paper" filed in the trial court and has no relevancy to proceedings in the appellate courts. See *T.R.Civ.P. Rule 11.*

We find no error in the Judgment of the trial court. It is in all things affirmed and this cause is remanded for such further proceedings as may be necessary and for collection of costs below. Costs of this appeal are adjudged against Ronald Lee Vermillion and his surety.

GODDARD, P.J. (E.S.), and McMURRAY, J., concur.