# IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

FILED

April 11, 1997

Cecil W. Crowson
Appellate Court
Clerk

VICTORIA L. HYMEL,               )
                                 )
        Plaintiff/Appellee,      )
                                 )       Davidson Circuit
                                 )       No. 96D-2426
VS.                              )
                                 )       Appeal No.
                                 )       01A01-9703-CV-00136
LAWRENCE P. HYMEL, JR.,          )
                                 )
        Defendant/Appellant.     )


APPEAL FROM THE CIRCUIT COURT FOR DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE MURIEL ROBINSON, JUDGE

For the Plaintiff/Appellee:                For the Defendant/Appellant:

Steven M. Moore                            P. Edward Schell
Nashville, Tennessee                       Franklin, Tennessee

## AFFIRMED AND REMANDED


WILLIAM C. KOCH, JR., JUDGE

# MEMORANDUM OPINION

This interlocutory appeal involves parties who have commenced divorce proceedings in two states. After obtaining a divorce in Louisiana, the husband filed motions in the Fourth Circuit Court for Davidson County seeking to dismiss the wife's pending Tennessee divorce complaint. The trial court determined that the Louisiana decree was entitled to full faith and credit but decided to proceed with the wife's claim for spousal support. The husband, with the trial court's permission, seeks this interlocutory appeal to determine whether the trial court has subject matter jurisdiction over the wife's claim. We have determined that an interlocutory appeal is warranted,[1] that the trial court's denial of the husband's motion to dismiss for lack of subject matter jurisdiction should be affirmed in accordance with Tenn. Ct. App. R. 10(b),[2] and that the case should be remanded for further proceedings consistent with this opinion.

Lawrence P. Hymel, Jr. and Victoria L. Hymel were married in Metarie, Louisiana in October 1988. Following their separation, Ms. Hymel moved to Tennessee. On August 6, 1996, Mr. Hymel filed for divorce in the Twenty-Ninth Judicial District Court of the State of Louisiana, in and for the Parish of St. Charles. Two weeks later, on August 20, 1996, Ms. Hymel filed for divorce in the Fourth Circuit Court for Davidson County. On October 17, 1996, the Louisiana court granted Mr. Hymel a divorce and permitted him to use and occupy the "community movables" pending the "partition of community at a future date."

Mr. Hymel filed two motions to dismiss Ms. Hymel's Tennessee complaint. The first motion contested the court's personal jurisdiction over him. The second motion asserted that the trial court lacked subject matter jurisdiction because of the pending Louisiana divorce proceeding. The record contains no indication of

---

[1]In accordance with Tenn. R. App. P. 2, we dispense with the requirement of further briefing and oral argument.

[2]Tenn. Ct. App. R. 10(b) provides:

> The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

the trial court's disposition of the first motion; however, the trial court entered an order on January 21, 1997, determining that it had jurisdiction to consider Ms. Hymel's claim for spousal support. On March 18, 1997, the trial court entered an order granting Mr. Hymel permission to pursue an interlocutory appeal.

The concept of subject matter jurisdiction relates to a court's lawful power and authority to adjudicate a controversy brought before it. *Turpin v. Conner Bros. Excavating Co.,* 761 S.W.2d 296, 297 (Tenn. 1988). It can only be conferred by the Constitution of Tennessee or by legislative act. *Kane v. Kane,* 547 S.W.2d 559, 560 (Tenn. 1977). Tenn. Code Ann. § 16-10-108 (1994) clearly empowers the trial court to hear divorces and related domestic relations disputes. Likewise, Tenn. Code Ann. § 36-4-104(a) (1996) gives the trial court subject matter jurisdiction over Ms. Hymel's spousal support claim in light of the apparently undisputed fact that she had been a Tennessee resident for six months preceding the filing of her divorce complaint. Accordingly, we affirm the trial court's January 21, 1997 order, denying Mr. Hymel's motion to dismiss for lack of subject matter jurisdiction.

The controlling issues in this case are the ones raised in Mr. Hymel's first motion to dismiss - does the trial court have personal jurisdiction over Mr. Hymel and, if personal jurisdiction exists, should the trial court exercise its jurisdiction over Ms. Hymel's claim for spousal support. *See Vermillion v. Vermillion,* 892 S.W.2d 829, 832 (Tenn. Ct. App. 1994). These issues have apparently not been addressed directly by the trial court.

A court cannot order a party in a divorce proceeding to pay spousal support without first having personal jurisdiction over the party. *Terrell v. Terrell,* 192 Tenn. 317, 321-22, 241 S.W.2d 411, 413 (1951); *Darby v. Darby,* 152 Tenn. 287, 291-92, 277 S.W. 894, 896-97 (1925). Unless a non-resident party voluntarily submits to the court's authority, personal jurisdiction can be acquired only when there has been adequate notice and when the non-resident party has sufficient minimum contacts with the forum state. *Miller v. Miller,* App. No. 86-248-II, 1987 WL 15143, at *2 (Tenn. Ct. App. Aug. 5, 1987) (no Tenn. R. App. P. 11 application filed).

Ms. Hymel has the burden of demonstrating the existence of sufficient contacts between Mr. Hymel and Tennessee to warrant the assertion of personal jurisdiction over him. *See Roderick v. Roderick,* 776 S.W.2d 533, 535 (Tenn. Ct. App. 1989). Mr. Hymel has submitted an affidavit asserting that he is a life-long resident of Louisiana, that the parties were married in Louisiana, and that the parties resided in Louisiana throughout their marriage. His affidavit also states that he has never resided in Tennessee, that he owns no real estate here, and that he has not transacted business here. Without more, these facts do not establish sufficient minimum contacts warranting a Tennessee court's exercise of personal jurisdiction over Mr. Hymel. We do not view Mr. Hymel's agreement concerning alimony pendente lite as a waiver of his lack of personal jurisdiction defense.

We affirm the dismissal of Mr. Hymel's motion to dismiss for lack of subject matter jurisdiction and remand the case to enable the trial court to determine whether Mr. Hymel has sufficient contacts with Tennessee to warrant a Tennessee court's exercise of personal jurisdiction over him. Should the trial court find that the requisite contacts are lacking, it should grant Mr. Hymel's motion to dismiss for lack of personal jurisdiction. Should the trial court determine that it has personal jurisdiction over Mr. Hymel, it should then consider whether it should proceed in light of the prior suit pending in Louisiana. We also tax the costs of this appeal equally between the parties for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE

CONCUR:


_____
HENRY F. TODD, P.J., M.S.


_____
BEN H. CANTRELL, JUDGE