IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 9, 2020 Session

**MELISSA JANELLE JONES v. CHARLES JASON JONES**

**Appeal from the Chancery Court for Wilson County
No. 10C-095   C.K. Smith, Chancellor**

_____

**No. M2019-01859-COA-R3-CV**

_____

A husband sought relief from a final decree of divorce nine years after its entry. He argued that the decree was void because the trial court lacked subject matter and personal jurisdiction. The trial court denied the husband's motion. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed
and Case Remanded**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and ANDY D. BENNETT, J., joined.

Charles Jason Jones, Palos Verdes Peninsula, California, pro se appellant.

Christopher Beauchamp, Lebanon, Tennessee, for the appellee, Melissa Janelle Jones.

**MEMORANDUM OPINION**[1]

**I.**

In 2010, the Chancery Court for Wilson County, Tennessee granted Charles Jason Jones ("Husband") and Melissa Janelle Jones ("Wife") a divorce. The divorce decree adopted a Marital Dissolution Agreement ("MDA") signed by both parties.

Nine years later, Husband asked for relief from the decree. Husband claimed that the decree was void because the court lacked both subject matter and personal

---

[1] Under the rules of this Court, as a memorandum opinion, this opinion may not be published, "cited[,] or relied on for any reason in any unrelated case." Tenn. Ct. App. R. 10.

jurisdiction. He proffered an affidavit and other exhibits in support of his argument that neither party resided in Tennessee during the relevant time period.

The trial court allowed Husband to put this evidence in the record for purposes of appeal. But the court did not consider the evidence when ruling on the motion for relief from judgment. Based on the record as it existed at the time the divorce decree was entered, the trial court held that it had proper jurisdiction over the case and Husband. The court also reasoned that, even if the decree was void, Husband had manifested an intent to treat the judgment as valid by getting remarried. So the trial court denied Husband's motion.

## II.

We "apply de novo review, with no presumption of correctness, when reviewing a trial court's ruling on a Tennessee Rule 60.02(3) motion to set aside a judgment as void." *Turner v. Turner*, 473 S.W.3d 257, 269 (Tenn. 2015). The party requesting relief from judgment must "establish by clear and convincing evidence that the judgment was void." *Hussey v. Woods*, 538 S.W.3d 476, 485 (Tenn. 2017). Clear and convincing evidence leaves "no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 n.3 (Tenn. 1992). Husband argues that his evidence clearly and convincingly shows that the trial court lacked jurisdiction to enter the divorce decree. We disagree.

### A.

"Subject matter jurisdiction refers to the power of a court to adjudicate the particular category or type of case brought before it." *Turner*, 473 S.W.3d at 269. The concept "confines judicial power to the boundaries drawn in constitutional and statutory provisions." *Id.* at 270. Tennessee Code Annotated § 36-4-104 sets those boundaries in divorce cases. *Vermillion v. Vermillion*, 892 S.W.2d 829, 831 (Tenn. Ct. App. 1994). Tennessee courts have the power to grant a divorce "if the acts complained of were committed while the plaintiff was a bona fide resident of [Tennessee]," or "if the plaintiff or the defendant has resided in [Tennessee]" for six months before "the filing of the complaint." Tenn. Code Ann. § 36-4-104(a) (2017). Only one party need reside in Tennessee for a Tennessee court to have subject matter jurisdiction over a divorce. *Conley v. Conley*, 181 S.W.3d 692, 696 (Tenn. Ct. App. 2005).

Here, Wife filed a verified complaint for divorce. She swore under oath that she and Husband had resided in Tennessee for more than six months. Wife also swore that the grounds for divorce—irreconcilable differences—arose while she was a Tennessee resident. Husband now seeks to show otherwise with an affidavit and various exhibits. Husband failed.

2

For one thing, the evidence is inadmissible hearsay. *See* Tenn. R. Evid. 802. Statements are hearsay if they are not "made by the declarant while testifying at the trial or hearing" and are "offered . . . to prove the truth of the matter asserted." Tenn. R. Evid. 801. Husband's affidavit and exhibits here state a California address as the parties' address from 2009 to 2011. These statements were not made at any trial or hearing. And Husband offers the statements to prove what the statements assert—namely, that the parties had a California address from 2009 to 2011. This is not admissible evidence.

Even if Husband's evidence were in admissible form,[2] it would not have carried his evidentiary burden. The term "residence," as used in Tennessee Code Annotated § 36-4-104, really means "domicile." *Wiseman v. Wiseman*, 393 S.W.2d 892, 895 (Tenn. 1965) (construing predecessor statute); *see In re Joseph*, 87 S.W.3d 513, 516 (Tenn. Ct. App. 2002). A person can be domiciled in one state even while having another abode, keeping a driver's license, and filing taxes in another state. *See Conley*, 181 S.W.3d at 698-99. This is the essence of Husband's evidence here. It shows only that Wife had a California address, applied for a California driver's license, and received income tax returns in California.

Husband did not prove by clear and convincing evidence that Wife was domiciled in California instead of Tennessee during the relevant time period. And there were no other subject matter limits on the trial court's power to grant a divorce. *See Stambaugh v. Price*, 532 S.W.2d 929, 932 (Tenn. 1976) (reasoning that "chancery courts are courts of general jurisdiction"). So Husband failed to show that the trial court lacked subject matter jurisdiction.

He likewise failed to show that the trial court lacked personal jurisdiction. Personal jurisdiction "recognizes and protects an individual liberty interest." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). Like other individual liberty interests, a party can waive the personal jurisdiction requirement. *Id.* at 703. A party can do so "by making a voluntary 'general appearance' before the court." *Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994); *accord Ins. Corp. of Ir.*, 456 U.S. at 703. In Tennessee, a defendant in a divorce "may enter into a written notarized marital dissolution agreement with [the] plaintiff." Tenn. Code Ann. § 36-4-103(a)(2) (Supp. 2020). "The signing of such an agreement . . . constitute[s] a general appearance before the court . . . that shall give the court personal jurisdiction over the defendant." *Id.*

---

[2] For example, Husband could testify to the substance of his affidavit. And it appears from the record that he may have informally done so in the trial court. Either way, as we explain, Husband's evidence is not clear and convincing.

Here, Husband signed a written and notarized MDA that was incorporated into the divorce decree.[3] In so doing, Husband made a general appearance before the trial court. That general appearance waived the objection to personal jurisdiction that Husband now makes. Husband failed to show by clear and convincing evidence that the requirements of Tennessee Code Annotated § 36-4-103(a)(2) were not satisfied. The trial court had personal jurisdiction over Husband.

## B.

Even if the trial court lacked jurisdiction, the divorce decree should not be set aside. Relief from a void judgment is inappropriate under "exceptional circumstances." *Turner*, 473 S.W.3d at 279. A court should deny relief if: (1) "The party seeking relief, after having had actual notice of the judgment, manifested an intention to treat the judgment as valid"; and (2) "Granting the relief would impair another person's substantial interest of reliance on the judgment." *Id.* at 280 (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 66 (AM. LAW INST. 1982)). "'[W]hen a judgment has prominent future effects, such as a judgment determining marital . . . status, reliance interests are very likely to arise.'" *Id.* at 281 (emphasis omitted) (italics removed) (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 65 cmt. c (AM. LAW INST. 1982)).

Here, Husband and Wife have both remarried. In fact, Husband claimed that he only learned of his divorce from Wife when she remarried in 2011. So, at that time, Husband had actual notice of the divorce decree. He then manifested an intent to treat the decree as valid by remarrying two years later. Wife relied on the divorce decree by remarrying too. These are exactly the kind of exceptional circumstances under which it would be inappropriate to set aside a judgment.[4] Husband is not entitled to relief.

---

[3] Husband claimed that Wife fraudulently induced him into signing the MDA. Assuming this could be actionable fraud under Tennessee Rule of Civil Procedure 60.02, the MDA both referenced the parties' pending case by case number and stated that "it is understood that the Wife will file suit for absolute divorce." *See* Tenn. Code Ann. § 36-4-103(a)(2) (requiring either of those for a divorce defendant's signature on a marital dissolution agreement to constitute a general appearance). Against this, Husband's claim that Wife "duped" him into believing the divorce would never be finalized is unconvincing.

[4] In *Turner v. Turner*, our supreme court applied this "exceptional circumstances" principle to a judgment that was void for lack of personal jurisdiction. 473 S.W.3d at 280 n.18. The court reserved the question of whether the principle applies to judgments that are void for lack of subject matter jurisdiction. *Id.* Here, though, the divorce decree is not void for either reason. The exceptional circumstances principle is simply an alternative basis for denying Husband relief.

4

## C.

Wife seeks an award of attorney's fees as damages for a frivolous appeal. *See* Tenn. Code Ann. § 27-1-122 (2017). The statute authorizing an award of damages for a frivolous appeal "must be interpreted and applied strictly so as not to discourage legitimate appeals." *Davis v. Gulf Ins. Grp.*, 546 S.W.2d 583, 586 (Tenn. 1977) (citing the predecessor to Tennessee Code Annotated § 27-1-122). A frivolous appeal is one "utterly devoid of merit." *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978).

Husband's appeal lacks merit. Both parties have been remarried since entry of the divorce decree. Husband has insisted that he does not want to be married to Wife again. Yet vacating the divorce decree would do exactly that, even if for a short time. Appealing the denial of a motion to set aside the divorce decree under these circumstances is frivolous.

## III.

Husband failed to show that the trial court lacked subject matter and personal jurisdiction to enter the divorce decree. The decree is not void. Even if it were void, in the decade since the trial court entered the decree, both parties have behaved as if they were divorced. So we affirm the trial court's denial of Husband's motion to set aside the divorce decree. And we remand to the trial court for a determination of Wife's reasonable attorney's fees and costs incurred in defending this appeal.

_____
W. NEAL MCBRAYER, JUDGE