IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 13, 2004

**IN THE MATTER OF CURTIS JASON ELY**

**Appeal from the Probate Court for Davidson County**
**No. 00P-1012      Frank G. Clement, Jr., Judge**

---

**No. M2000-01937-COA-R3-CV - Filed March 1, 2004**

---

This appeal involves a state prisoner who desires to change his name for religious reasons. Even though the prisoner's petition was uncontested, the Davidson County Probate Court declined to permit the prisoner to change his name solely because he had been convicted of a felony. While we have determined that the probate court erred by denying the prisoner's petition solely because he had been convicted of a felony, we have determined that the petition was properly dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court Affirmed**

WILLIAM C. KOCH, JR., P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

Curtis Jason Ely, Nashville, Tennessee, Pro Se.

**OPINION**

**I.**

Curtis Jason Ely was born in 1977 in Knox County. During the early morning hours of December 3, 1996, Mr. Ely and Trinidy Carden broke into the home of 70-year-old William Bond. They stole several pieces of consumer electronics equipment and killed Mr. Bond by repeatedly hitting him over the head with a brick. An Anderson County jury convicted Mr. Ely of felony murder in perpetration of a robbery, and he received a life sentence.[1]

While incarcerated at the Riverbend Maximum Security Prison in Nashville, Mr. Ely filed a petition in the Davidson County Probate Court to change his name to "Alexander Geno Anastasia" for "religious" reasons. While Mr. Ely alleged that he was a resident of Davidson County, he failed to allege that he had not been convicted of one of the crimes that would disentitle him to change his

---

[1]The Tennessee Supreme Court later reversed Mr. Ely's conviction and ordered a new trial because the trial court failed to instruct the jury regarding the lesser included offenses to felony murder. *State v. Ely*, 48 S.W.3d 710 (Tenn. 2001). The record does not reflect the results of Mr. Ely's second trial.

name[2] or that no state funds would be expended in the proceeding as required by Tenn. Code Ann. § 29-8-101(c). The probate court summarily denied the petition solely because Mr. Ely had been convicted of a felony and was incarcerated. Mr. Ely has appealed.

## II.

Conviction of a felony, by itself, is not grounds to deny a name change petition. Prisoners who can demonstrate that they have met all statutory requirements should be permitted to change their name unless doing so would cause some specific damage to another person's interests. *In re Joseph*, 87 S.W.3d 513, 516 n.6 (Tenn. Ct. App. 2002). By enacting Tenn. Code Ann. § 29-8-101(b), the Tennessee General Assembly has clearly determined that only convictions for certain criminal offenses will disqualify a prisoner from changing his or her name. Accordingly, the probate court's decision lacks legal foundation.

Despite the error in its reasoning, the probate court reached the correct result.[3] Mr. Ely, as the petitioner, has failed to demonstrate three necessary pre-conditions to changing his name. First, he failed to demonstrate that he has not been convicted of one of the disqualifying felonies listed in Tenn. Code Ann. § 29-8-101(b). Second, he has failed to demonstrate that no state funds will be spent in this proceeding. Finally, he has failed to demonstrate that he is, in fact, a resident of Davidson County. The mere fact that he is presently incarcerated in Davidson County is insufficient as a matter of law to satisfy the residency requirement in Tenn. Code Ann. § 29-8-101(a). *In re Joseph*, 87 S.W.3d at 516.

## III.

We affirm the judgment dismissing Mr. Ely's petition to change his name and remand the case to the probate court for whatever further proceedings may be required. We tax the costs of this appeal to Curtis Jason Ely for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., P.J., M.S.

---

[2]Tenn. Code Ann. § 29-8-101(b) (2000).

[3]The Court of Appeals may affirm a judgment on different grounds than those relied on by the trial court when the trial court reached the correct result. *Continental Cas. Co. v. Smith*, 720 S.W.2d 48, 50 (Tenn. 1986); *Arnold v. City of Chattanooga*, 19 S.W.3d 779, 789 (Tenn. Ct. App. 1999); *Allen v. National Bank of Newport*, 839 S.W.2d 763, 765 (Tenn. Ct. App. 1992); *Clark v. Metropolitan Gov't*, 827 S.W.2d 312, 317 (Tenn. Ct. App. 1991).